UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ADAM YOUNG

VERSUS

SHAW SUNLAND FABRICATORS, INC.
AND DAVID CHAPMAN

CIVIL ACTION

NO. 12-164-JJB-SCR

## **RULING**

This matter is before the Court on Defendants' motion to dismiss (doc. 4). In a prior ruling (doc. 16), the Court granted the motion in part, dismissing Plaintiff's § 1983 claim and LEDL claims but holding his Title VII claim open pending further briefing. Specifically, the Court ordered a surreply from Plaintiff regarding 29 C.F.R. § 1601.19(b) and whether the notice of revocation sent by the EEOC to Plaintiff had the effect of either resetting or stopping the 90-day right to sue clock. In the event that it did not, the Court ordered both parties to brief whether equitable tolling should apply to this situation. Plaintiff (doc. 25) and Defendants (doc. 24) filed the requested briefs. For the following reasons, the Court finds the Title VII claim was timely filed, thus the question of equitable tolling is moot.

The first issue is whether Plaintiff's suit was timely filed. After reviewing Plaintiff's surreply brief on this issue, the Court agrees that the letter sent to Plaintiff was not in fact a notice of reconsideration such as to invoke the clock-stopping procedures of 29 C.F.R. 1601.19(b). The letter was titled "notice of

revocation" and, as Plaintiff notes, the word reconsider does not appear in any form in the letter.  Although the letter does point to the governing statute, the Court finds this is not enough to properly alert a recipient that the EEOC will reconsider its finding.  Stating the investigation will continue is not the same as stating the decision will be reconsidered—the former suggests an ongoing process while the latter suggests a final decision that may be changed.  Where a single letter can have such serious consequences for a party, the EEOC must be clear about its action.  As the statute clearly states that a "notice of intent to reconsider" shall vacate a right to sue letter and the letter sent to Plaintiff does not express—either expressly or impliedly—the EEOC's intent to reconsider, the effect of the revocation provision of the statute does not apply.  As such, the effect of the revocation letter was to revoke Plaintiff's right to sue. To rule that a letter revoking a right to sue does not in fact revoke the right to sue would be ridiculous.  As the letter was not a notice of intent to reconsider as demanded by 29 C.F.R. § 1601.19(b), the right to sue was revoked and the current suit is timely filed.

Defendants also claim that the Title VII claim is not properly alleged and should be dismissed.  (Docs. 4-1 at 4, 10 at 4).  The Court agrees that the Complaint does no more than state the kind of conclusory accusations and formulaic recitation of the elements that *Iqbal* and *Twombly* are intended to prevent.  The complaint is not only "far from baroque" as Plaintiff suggests, it is in

fact nothing more than conclusory statements that set forth no facts to support them. As such, the Title VII claim is dismissed.  This dismissal will be without prejudice in order to allow Plaintiff an opportunity to amend his complaint to properly state a claim under Title VII.  The Court notes that the *in forma pauperis* designation does not factor into this determination in any way.  Further, the Title VII claim against Chapman in his individual capacity is dismissed with prejudice. Title VII does not provide a cause of action against a supervisor.  *Grant v. Lone Star Co.*, 21 F.3d 649, 651-53 (5th Cir. 1994).

Finally, the Court will dismiss the motion for attorneys' fees and costs under the LEDL claim without prejudice.  Defendants may re-urge this claim at the appropriate time.

## **CONCLUSION**

For these reasons, Defendants' motion (doc. 4) is GRANTED and Plaintiff's Title VII claim is dismissed without prejudice.  Insofar as the claim relates to Defendant David Chapman in his individual capacity, it is dismissed with prejudice.  Defendants' motion for attorneys' fees and costs is dismissed without prejudice.  Defendants may re-urge this claim at the appropriate time.

Signed in Baton Rouge, Louisiana, on August 13, 2012.

_____
JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA